Brett D. Watson, SBN: 203183
E-Mail: bwatson@pldlawyers.com
LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Tel.:   (213) 688-0430
Fax:   (213) 688-0440

Attorneys for Defendant JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA – CENTRAL DISTRICT

| | |
|---|---|
| HUYEN CHI TON NU, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>JP MORGAN CHASE BANK, a National Association; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT JPMORGAN CHASE BANK, N.A., PURSUANT TO 28 U.S.C. SECTION 1441(b)**<br><br>**[DIVERSITY]** |

*(left margin, vertical)* LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
· Los Angeles, California 90017

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to sections 1441(b) and 1332 of Title 28 of the United States Code, Defendant JPMORGAN CHASE BANK, N.A. ("Chase"), hereby removes the action entitled *Huyen Chi Ton Nu v. JP Morgan Chase Bank, et al.*, pending before the Superior Court of the State of California for the County of Orange, Case No. 30-2018-00984177-CU-BC-CJC (the "Action"), to the United States District Court for the Central District of California based on diversity jurisdiction as fully detailed below.

1.     On or about April 5, 2018, Plaintiff Huyen Chi Ton Nu ("Plaintiff") filed the Action in the Superior Court of the State of California for the County of Orange.  Plaintiff personally served Chase with his Complaint on May 8, 2018.  A true and correct copy of the Summons and Complaint in the Action is attached hereto as Exhibit "A."

2.     In the Complaint, Plaintiff alleges that she opened a safe deposit box at a Chase branch and then, when she returned to the branch to open her safe deposit box, items were missing.  Plaintiff seeks damages of at least $93,000.  See Ex. A at ¶¶ 9-16.

3.     There are no other named defendants in this action and thus, no joinder to the Notice of Removal of the Action is required.

4.     Removal:   28 U.S.C. §1446(b)(1) provides that removal is proper within 30 days of service on the defendant.  Chase was served within 30 days of the filing of this removal.

5.     Complete diversity of citizenship exists as follows:

The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Chase pursuant to the provisions of 28 U.S.C. section 1441(b) in that diversity of citizenship can be ascertained from the face of Plaintiff's Complaint.

LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017

LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017

For complete diversity to be present, all plaintiffs must have citizenship different from all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996). There is complete diversity in this Action because Chase is a citizen of Ohio and Plaintiff is a citizen of California. For purposes of diversity, 28 U.S.C. section 1348 provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located. The Supreme Court has also concluded that "a national bank ... is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). The Supreme Court in Wachovia expressly rejected an approach that would consider a national banking association a citizen of every state in which it maintains a branch. Id. Thus, while Plaintiff incorrectly alleges in her Complaint that Chase maintains its principal place of business at 818 West 7th Street, Suite 930, Los Angeles, California, Chase was and is a national banking association chartered under the laws of the State of Ohio, which identifies its main office or principal place of business located in the City of Columbus, County of Delaware in the State of Ohio. See Ex. A, ¶ 3; Ex. 1 to the accompanying Request for Judicial Notice.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is "prima facie" evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). The Complaint alleges that Plaintiff is a resident of the County of Los Angeles in the State of California. Ex. A, ¶ 2.

As such, prima facie evidence in the Complaint and the Request for Judicial Notice indicates that Plaintiff is a citizen of California and Chase is a "citizen" of Ohio, thereby establishing complete diversity between Plaintiff and Defendant Chase. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. See *Strotek Corp. v. Air*

LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017

*Transport Ass'n of Am.*, 300 F.3d 1129, 1131(9th Cir. 2002). As set forth above, pursuant to the allegations of the Complaint, diversity existed at the time the action was commenced in state court. Further, there is complete diversity as of the time of the instant removal as Chase was not and is not a citizen of the California, where this action is pending.

6. Amount in Controversy: Diversity jurisdiction exists only where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. section 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-348 (1977). The amount in controversy may include compensatory damage claims for general or special damages as well as punitive damages. Anthony v. Sec. Pac. Fin. Servs., Inc. (7th Cir. 1996) 75 F.3d 311, 315.

7. The prayer for relief in the Complaint seeks general, specific, and punitive damages, plus attorney fees and costs, in an amount in excess of $93,000. See Ex. A at p. 10.

8. Removal is Timely: Based on the foregoing, Chase timely files this Notice of Removal based on diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.00, within thirty (30) days after the purported service of the Plaintiff's Supplemental Responses to Special Interrogatories on Chase. 28 U.S.C. sections 1332 and 1446(b).

9. Simultaneously with this Notice of Removal, Chase is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Orange, which will also be timely served on Plaintiffs.

///

///

///

///

1        10.   The Complaint is the only process, pleading or other order filed in the

2    state court action, so nothing else need be attached pursuant to 28 U.S.C. §1446(a).

3

4    DATED:  June 7, 2018         LOMBARDI & DONOHUE LLP

5

6

7                   By /s/ Brett D. Watson
                     Brett D. Watson

8                   Attorneys for Defendant, JPMORGAN
               CHASE BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT JPMORGAN CHASE BANK, N.A.,
PURSUANT TO 28 U.S.C. SECTION 1441 (b)

3132771

LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE:

    I, Lisa S. Gibbons, am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 800 Wilshire Boulevard, Suite 800, Los Angeles, California 90017.

    On June 7, 2018 I served the foregoing **"NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT JPMORGAN CHASE BANK, N.A., PURSUANT TO 28 U.S.C. SECTION 1441(b)"** on Interested Parties in this action as follows:

Vivy Dang, Esq.
William Ward, Esq.
The Ward Firm
10620 Treena Street, Suite 230
Scripps Ranch, California 92131
Phone:  (858) 935-6148
Fax:     (858) 408-3640
E-mail:  vdang@wfsdlaw.com
         wward@wfsdlaw.com
Attorneys for Plaintiff Huyen Chi Ton Nu

**[X]**    **(BY U.S. MAIL)**  I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.  I am readily familiar with Lombardi & Donohue's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

**[X]**    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on June 7, 2018 in Los Angeles, California.

                    Lisa S. Gibbons

PROOF OF SERVICE

LOMBARDI & DONOHUE LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017