# EXHIBIT "A"

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>JP MORGAN CHASE BANK, a National Association;<br>and DOES 1 through 50, inclusive,<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>HUYEN CHI TON NU, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**04/05/2018** at 12:17:28 PM<br>Clerk of the Superior Court<br>By Dollie Campos, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Central Justice Center
700 Civic Center Drive West, Santa Ana, California 92701

CASE NUMBER: *(Número del Caso):* 30-2018-00984177-CU-BC-CJC
Judge Ronald L. Bauer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vivy Dang, Esq. (SBN 297714) William Ward, Esq. (SBN 113849)     Tel.: (858) 935-6148
The Ward Firm, 10620 Treena St., Ste. 230, Scripps Ranch, CA 92131     Fax: (858) 408-3640

DATE: 04/05/2018   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _____, Deputy
*(Fecha)*                                                  *(Secretario)*                    *(Adjunto)*
                                                                                     Dollie Campos

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit "A", Page 4

VIVY DANG, ESQ. (SBN 297714)
vdang@wfsdlaw.com
WILLIAM WARD, ESQ. (SBN 113849)
wward@wfsdlaw.com
THE WARD FIRM
10620 Treena St., Suite 230
Scripps Ranch, California 92131
Telephone: (858) 935-6148
Facsimile: (858) 408-3640

Attorneys for Plaintiff
HUYEN CHI TON NU

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/05/2018** at 12:17:28 PM
Clerk of the Superior Court
By Dollie Campos, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

HUYEN CHI TON NU, an individual

Plaintiff,

v.

JP MORGAN CHASE BANK, a National Association; and DOES 1 through 50, inclusive,

Defendants.

Judge Ronald L. Bauer
CASE NO.: 30-2018-00984177-CU-BC-CJC

COMPLAINT FOR:

(1) NEGLIGENCE
(2) RES IPSA LOQUITOR
(3) BREACH OF CONTRACT
(4) BREACH OF IMPLIED CONTRACT
(5) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
(6) CONSTRUCTIVE FRAUD
(7) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

[Unlimited Civil Amount demanded exceeds $25,000]

HUYEN CHI TON NU'S COMPLAINT
1

Comes now Plaintiff HUYEN CHI TON NU, an individual, alleging as a Complaint as follows:

## GENERAL ALLEGATIONS

1.  Plaintiff HUYEN CHI TON NU, an individual, asserts that jurisdiction and venue are proper before this Court because the contract was entered into in Orange County and this judicial district, defendant was and now is doing business in the City of Fountain Valley, Orange County, California and this judicial district and the dispute giving rise to this action arose in Orange County, California.

2.  At all times herein mentioned, Plaintiff HUYEN CHI TON NU (hereinafter "Plaintiff" and "TON") was, and now is an individual residing in Midway City, County of Orange, California.

3.  Plaintiff is informed, believes and thereon alleges that, at all times relevant herein, Defendant JP MORGAN CHASE BANK (hereinafter "Defendant" and "CHASE"), was, and now is, a National Association, organized and existing under the laws of the United States of America, authorized to do business and doing business in the State of California, with its principal place of business at 818 West 7th St., Suite 930, Los Angeles, California.

4.  At all times relevant herein, TON held a safe deposit box at a branch location owned, operated and supervised by Defendants CHASE and DOES 1 through 50, inclusive. The branch relevant to this matter is located at 18975 Brookhurst St., in the City of Fountain Valley, Orange County, California ("BROOKHURST BRANCH").

5.  Defendants named herein by fictitious names DOES 1 through 50, inclusive, are persons, individuals, corporations, partnerships, associations, or otherwise. The true names and identities and capacities of each fictitiously named defendant, are unknown to plaintiff at this time. Leave of court will be requested to amend this complaint to show their true names and capacities when they have been ascertained.

6.  Plaintiff is informed and believes, and based upon such information and belief, alleges that, at all times herein mentioned, each of the defendants, including the fictitiously named defendants, and each of them, was the duly authorized agent, employee, servant, alter

ego, joint venture or partner of each other Defendant and in doing the thing herein mentioned, Defendants, including fictitiously named defendants, and each of them, were acting within the scope of their agency, employment, joint venture and/or partnership, and that all acts or omissions hereinafter alleged were committed with the knowledge, permission or consent, or any combination thereof, of the other defendants, including the fictitiously named Defendants and each of them.

7. This action is not subject to Sections 1812.10 or 2984.4 of the Civil Code of the State of California.

As and for a First Cause of Action, Plaintiff alleges as follows:

## FIRST CAUSE OF ACTION

### (Negligence)

8. Plaintiff and incorporates herein the allegations contained in paragraphs 1 through 7, inclusive, of this complaint with the same force and effect as though fully set forth herein.

9. On or about May 2017, Plaintiff opened a safe deposit box at a Chase Bank branch location, owned, operated and supervised by Defendants CHASE and DOES 1 through 50, inclusive, located at 18795 Brookhurst St., Fountain Valley, California 92708 ("BROOKHURST BRANCH"), in which Plaintiff TON deposited personal property valued at and exceeding the sum of approximately $93,000.00 for safekeeping by Defendants CHASE and DOES 1 through 50, inclusive. After depositing her personal property into the newly opened safe deposit box under the maintenance, possession, care, custody, storage and protection of and by Defendants CHASE and DOES 1 through 50, inclusive, Plaintiff did not attempt to access her safe deposit box again or the contents therein until December 2017.

10. From May 2017 through December 2017 and at all relevant times herein, Plaintiff's personal property was under the maintenance, possession, care, custody, control, storage and protection of the BROOKHURST BRANCH of CHASE, owned, operated and supervised by Defendants CHASE and DOES 1 through 50, inclusive.

11. On or about December 2017, Plaintiff returned to the BROOKHURST BRANCH, owned, operated and supervised by Defendants CHASE and DOES 1 through 50, inclusive, to

access the personal property she placed in the safe deposit box and discovered that her safe deposit box was empty and that all of her personal property, valued at and exceeding the sum of approximately $93,000.00, was missing.

12. Defendants CHASE and DOES 1 through 50, inclusive, owed a duty of care to Plaintiff pursuant to California Civil Code section 1741(a). Further, as a bailor, Defendants CHASE and DOES 1 through 50, inclusive, also owed a duty to Plaintiff to make the bailed property safe and suitable for its purpose.

13. Defendants CHASE and DOES 1 through 50, inclusive, breached their duty of care to Plaintiff by failing to safeguard and protect Plaintiff's safe deposit box and the personal property contained therein, which was under the maintenance, possession, care, custody, control and protection of and by Defendants CHASE and DOES 1 through 50, inclusive, at all relevant times herein, and by allowing unauthorized access to her personal property.

14. Defendants CHASE and DOES 1 through 50, inclusive, also breached their duty as a bailor by failing to adopt to the standards and customs that the banking industry has implemented to protect their banks and the bailments of safe deposit box holders. By not taking adequate security measures to protect the property of Plaintiff, Defendants did not keep the bailed property of Plaintiff safe nor did Defendants keep the property suitable for its purpose.

15. At all times relevant herein, the BROOKHURST BRANCH, owned, operated and supervised by Defendants CHASE and DOES 1 through 50, inclusive, negligently maintained Plaintiff's personal property in its possession by failing to exercise ordinary care and storage of Plaintiff's personal property and by failing to take adequate measures to protect Plaintiff's personal property.

16. As a result of Defendants' breach of their duty of care to Plaintiff and their breach of duty as a bailor to keep Plaintiff's bailed property safe and suitable for its purpose, Plaintiff has suffered damages in an amount exceeding $93,000.00, approximately, and incurred substantial expenses including but not limited to attorneys' fees and costs and will be required to incur additional such expenses in the future, the full nature and extent of which is not yet known to Plaintiff.

As and for a Second Cause of Action, Plaintiff alleges as follows:

## SECOND CAUSE OF ACTION

### (Res Ipsa Loquitor)

17. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 16, inclusive, of this complaint with the same force and effect as though fully set forth herein.

18. Plaintiff's harm ordinarily would not have happened unless someone was negligent in maintaining, handling, protecting, storing, and/or safeguarding the safe deposit box containing Plaintiff's personal property while it was under the maintenance, possession, care, custody, control and protection of and by Defendants CHASE and DOES 1 through 50, inclusive.

19. The harm to Plaintiff was caused by something that only Defendants CHASE and DOES 1 through 50, inclusive, had control over.

20. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants CHASE and DOES 1 through 50, inclusive, and each of them, Plaintiff was seriously injured.

21. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants CHASE and DOES 1 through 50, inclusive, and each of them, Plaintiff was deprived of her personal property valued at an amount exceeding $93,000.00, and incurred substantial expenses including but not limited to attorneys' fees and costs and will be required to incur additional such expenses in the future, the full nature and extent of which is not yet known to Plaintiff, in an amount according to proof at trial.

As and for a Third Cause of Action, Plaintiff alleges as follows:

## THIRD CAUSE OF ACTION

### (Breach of Contract)

22. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, of this complaint with the same force and effect as though fully set forth herein.

23. Within the last two years, Defendants CHASE and DOES 1 through 50, inclusive, and each of them, entered into a written and oral contract with Plaintiff, whereby it was agreed

1. that Plaintiff would lease a safe deposit box at Defendants' institution and Defendants CHASE and DOES 1 through 50, inclusive, and each of them agreed to accept, safeguard and protect the items deposited into the safe deposit box.

24. Pursuant to said agreements, Plaintiff deposited personal property into the safe deposit box at the BROOKHURST BRANCH of CHASE, owned, operated and supervised by Defendants CHASE and DOES 1 through 50, inclusive, for safekeeping under the maintenance, possession, care, custody, control and protection of and by Defendants CHASE and DOES 1 through 50, inclusive.

25. On or about December 2017, Plaintiff visited the BROOKHURST BRANCH, owned, operated and supervised by Defendants CHASE and DOES 1 through 50, inclusive, to access the personal property she placed in the safe deposit box and discovered that the safe deposit box was empty and all of her personal property, which was valued at and exceeding the sum of approximately $93,000.00, was missing.

26. Plaintiff has performed all conditions, covenants, terms and obligations under said agreement on its part to be performed.

27. Said Defendants have breached the agreements by allowing unauthorized access to and failing to safeguard and protect Plaintiff's safe deposit box and the personal property contained therein, which was under the maintenance, possession, care, custody, control and protection of and by Defendants CHASE and DOES 1 through 50, inclusive, at all relevant times herein.

28. Defendants have further breached the agreements by failing to conduct a reasonable investigation.

29. There is now due, owing and unpaid from said Defendants to Plaintiff the total sum of approximately $93,000, together with interest at the legal rate per annum from December 15, 2017 and reasonable attorneys' fees and costs incurred in enforcing the terms and conditions of said contract.

As and for a Fourth Cause of Action, Plaintiff alleges as follows:

### FOURTH CAUSE OF ACTION

**(Breach of Implied Contract)**

30.  Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, of this complaint with the same force and effect as though fully set forth herein.

31.  An implied contract existed between CHASE and Plaintiff in which Defendants CHASE and DOES 1 through 50, inclusive, agreed not to allow unauthorized access to Plaintiff's personal property.

32.  In engaging in the conduct alleged above, Defendants CHASE and DOES 1 through 50, inclusive breached their contractual obligations to Plaintiff.

33.  Plaintiff performed all covenants, conditions and obligations of the contractual relationship except for those he was excused from performing.

34.  As a result of the above breaches of contract by CHASE, Plaintiff has been damaged in the sum of approximately $93,000, together with interest at the legal rate per annum from December 15, 2017 and attorneys' fees and costs.

As and for a Fifth Cause of Action, Plaintiff alleges as follows:

**FIFTH CAUSE OF ACTION**

**(Breach of Covenant of Good Faith and Fair Dealing)**

35.  Plaintiff incorporates herein the allegations contained in paragraphs 1 through 34, inclusive, of this complaint with the same force and effect as though fully set forth herein.

36.  Every contract imposes upon each party an implied covenant of good faith and fair dealing in its performance and its enforcement, which requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. This covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

37.  Plaintiff is informed, believes, and thereon alleges that at all time relevant herein, a contractual relationship existed between Plaintiff and Defendants CHASE and DOES 1 through 50, inclusive, and accordingly, an implied covenant of good faith and fair dealing

existed, which imposed upon Defendants a duty of good faith and fair dealing in this matter to safeguard, protect, or otherwise care for the assets and rights of Plaintiff.

38. This covenant prohibited Defendants from acting in a manner which interfered with or was contrary to the rights of Plaintiff, including mishandling the safe deposit box containing Plaintiff's personal property allowing unauthorized access to her safe deposit box.

39. Plaintiff is informed, believes and thereon alleges, that Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants failed to maintain, mishandled and allowed unauthorized access to the safe deposit box containing Plaintiff's personal property valued at an amount exceeding $93,000, approximately, which was under the maintenance, possession, care, custody and control of Defendants CHASE and DOES 1 through 50, inclusive, at all relevant times herein.

40. As a result of Defendants' breach of covenant, Plaintiff has suffered the loss of possession of her personal property valued at an amount exceeding $93,000, approximately Plaintiff has incurred and continues to incur attorney fees and other costs and expenses to right this wrong.

41. Further, Defendants CHASE and DOES 1 through 50, inclusive, acted maliciously and oppressively and with conscious disregard for the consequences to Plaintiff. By reason thereof, an award of punitive and exemplary damages is appropriate against Defendants CHASE and DOES 1 through 50, inclusive.

As and for a Sixth Cause of Action, Plaintiff alleges as follows:

### SIXTH CAUSE OF ACTION
**(Constructive Fraud)**

42. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 41, inclusive, of this complaint with the same force and effect as though fully set forth herein.

43. On or about May 2017, Defendants CHASE and DOES 1 through 50, inclusive, assumed a position of trust and confidence to Plaintiff to safeguard and protect the property she deposited and placed into the care, custody, and control of Defendants CHASE and DOES 1 through 50, inclusive, at the BROOKHURST BRANCH and to not allow unauthorized access

1. to the safe deposit box or contents contained therein. Plaintiff stored her personal property in the safe deposit box in reliance that Defendants CHASE and DOES 1 through 50 would store, protect and safeguard the safe deposit box and the contents contained therein and there would be no unauthorized access to her property. Plaintiff's personal property, valued at an amount exceeding $93,000, approximately, was under the maintenance, possession, care, custody and control of Defendants CHASE and DOES 1 through 50, inclusive, at all relevant times herein.

44. By virtue of Defendants' position of trust to Plaintiff, Defendants breached their position of trust and confidence by failing to maintain, safeguard and protect the safe deposit box and Plaintiff's personal property contained therein from unauthorized access.

45. As a proximate result of Defendants' breach of their relationship of trust and confidence to Plaintiff, Defendants have caused psychological and monetary damage to Plaintiff in an amount to be proven at trial.

46. Further, Defendants CHASE and DOES 1 through 50, inclusive, acted maliciously and oppressively and with conscious disregard for the consequences to Plaintiff. By reason thereof, an award of punitive and exemplary damages is appropriate against Defendants CHASE and DOES 1 through 50, inclusive.

As and for a Seventh Cause of Action, Plaintiff alleges as follows:

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though set out at length herein.

48. On or about May 2017, Defendants CHASE and DOES 1 through 50, inclusive, assumed various duties when they entered into the into the above-referenced agreements with Plaintiff to accept, safeguard and protect the safe deposit box she leased from said Defendants, including the contents stored therein.

49. Defendants CHASE and DOES 1 through 50, inclusive, mishandled, failed to maintain and allowed unauthorized access to the safe deposit box containing Plaintiff's personal

property valued at an amount exceeding $93,000, approximately, which was under the maintenance, possession, care, custody, control, storage and protection of Defendants CHASE and DOES 1 through 50, inclusive, at all relevant times herein.

50. As a proximate result of Defendants breaching their various duties to Plaintiff, namely allowing unauthorized access to the safe deposit box and Plaintiff's personal property contained therein, Plaintiff suffered severe emotional distress and mental suffering, including but not limited to grief, shock, pain, anguish and frustration, which has caused her damage in an amount to be proven at trial.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. On the First and Second Causes of Action against Defendants CHASE and DOES 1 through 50, inclusive, and each of them, for general damages and special damages in an amount according to proof at trial; compensatory damages of approximately $93,000 approximately; and for attorneys' fees and costs.

2. On the Third and Fourth Causes of Action against Defendants CHASE and DOES 1 through 50, inclusive, and each of them, for the principal sum of $93,000.00, approximately, together with interest thereon at the legal rate per annum from December 15, 2017 and for attorneys' fees and costs.

3. On the Fifth Cause of Action against Defendants CHASE and DOES 1 through 50, inclusive, and each of them, for general damages and special damages in an amount according to proof at trial; for exemplary and punitive damages; and for attorneys' fees and costs.

4. On the Sixth Cause of Action against Defendants CHASE and DOES 1 through 50, inclusive, and each of them, for general damages and special damages in an amount according to proof at trial; for exemplary and punitive damages; and for attorneys' fees and costs.

5. On the Seventh Cause of Action against Defendants CHASE and DOES 1 through 50, inclusive, and each of them, for general damages for severe emotional distress and mental suffering according to proof; and special damages in an amount according to proof at trial; for exemplary and punitive damages; and for attorneys' fees and costs.

6. On all Causes of Action: Plaintiff prays for costs of suit and for such other and further relief as the Court may deem just and proper, including attorneys' fees and costs.

DATED: April 5, 2018

THE WARD FIRM

*[signature]*

Vivy Dang, Esq.
William Ward, Esq.
Attorneys for Plaintiff
HUYEN CHI TON NU